IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                             CIV. NO. 14-812 MV/GBW
                                                    CR. NO. 10-3368 MV

EDWARD FULCHER,

    Defendant/Petitioner.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Petitioner Edward Fulcher's Motion for Relief under 28 U.S.C. § 2255. *Doc. 1.* Upon review of the Motion and accompanying briefing (*docs. 6, 9*), I recommend that the Court DENY it.

**I.    BACKGROUND**

On December 15, 2010, Edward Fulcher (hereinafter "Fulcher") was charged in a four count indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Using and Carrying a Firearm During and in Relation to a Drug

Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  *Crim. Doc. 2.*[1]   When this case was indicted in December 2010, Fulcher was serving time in the New Mexico Department of Corrections for violating the terms of his state probation that was imposed as part of his sentence for convictions of aggravated battery against a household member causing great bodily harm and battery against a household member.  *Crim. Docs. 4, 5, 6*; PSR ¶ 76.   Fulcher was charged with violating the terms of his state probation when he was arrested on the instant offense.   PSR ¶ 76.   He was sentenced to 1,460 days (or four years) imprisonment for the probation violation.   *Id*.   Fulcher was therefore brought into federal custody on February 24, 2011, pursuant to a writ of habeas corpus ad prosequendum.   *Crim. Docs. 4, 5, 6*.   He was immediately appointed counsel, Michael Davis.   *Crim. Docs. 6, 10*.

On November 10, 2011, Fulcher appeared with Mr. Davis and entered a guilty plea straight to the indictment.   *Crim. Doc. 32*.   A presentence report was disclosed on December 2, 2011.   The applicable guideline range was calculated as 262 to 327 months based on a total offense level of 34 and a criminal history category of VI.   PSR ¶ 131.   No objections to the presentence report were filed, but both sides filed sentencing memoranda.   *Crim. Docs. 52, 53, 54*.

On September 12, 2013, the sentencing hearing was held before United States District Judge Martha Vazquez.   *Crim. Docs. 50, 55*.   Mr. Davis presented certificates

---

[1] The citation "*Crim Doc. __*" refers to the docket entry in Fulcher's underlying criminal case, Case No. 10-cr-3368 MV.

Fulcher acquired while in custody to the Court, and orally advocated on Fulcher's behalf.  *Crim. Doc. 64* at 5:24-6:12; 7:13-13:8.   Mr. Davis also explained the efforts he undertook to ascertain whether the time Fulcher spent in the custody of the United States Marshals Service (USMS) would be credited toward Fulcher's state or federal sentence, and Mr. Davis advocated for a lesser sentence given his understanding that the time Fulcher spent in USMS custody would be credited toward Fulcher's state sentence.  *Id*. at 8:16-10-25.   Fulcher also addressed the Court during the proceeding, but at no time did he complain about his attorney, his guilty plea, the statements in the presentence report, or his anticipated sentence.   *Id*. at 22:11-25:25.

The Court carefully considered the additional information provided by the parties, as well as the 18 U.S.C. § 3553(a) factors as applied to Fulcher.   *Id*. at 27:11-41:1.  As to counts one through three of the indictment, the Court imposed a sentence of 84 months imprisonment, and ordered that the sentences would run concurrently.   *Id*. at 41:2-5.   The punishment imposed for count 4 was a sentence of 36 months imprisonment, which was ordered to run consecutively to counts one through three.   *Id*. at 41:5-9.   Fulcher's total sentence was 120 months imprisonment.   *Id*.   The judgment was entered on October 28, 2013.   *Crim. Doc. 57*.

Having been in federal custody since February 23, 2011, Fulcher was returned to the New Mexico Department of Corrections eight days after his federal sentencing hearing—on September 20, 2013.   *See doc. 9*, Ex. 1.   Fulcher remained in state custody to

complete his state sentence until July 21, 2014, when he was returned to the custody of the USMS.  *Id*.  Until at least October 29, 2014, Fulcher remained in their custody awaiting designation by the Bureau of Prisons (BOP).  *Doc. 9 at 8.*

II.     CLAIMS AND ANALYSIS

Fulcher makes three claims in his Motion.   First, he argues that the Court erred when it sentenced him without giving him credit for time spent in federal custody prior to his sentencing.   Second, he argues that the Court erred by calculating his sentencing guidelines without reference to the newly-proposed amendment to U.S.S.G. § 2D1.1.   Lastly, he argues that his attorney gave him ineffective assistance by failing to urge those two matters to the Court at sentencing.

### A. Credit for Time Spent in Federal Custody Prior to Sentencing

Credit for time spent in federal custody prior to sentencing is governed by 18 U.S.C. § 3585(b).   However, the Supreme Court held in *United States v. Wilson*, 503 U.S. 329, 334 (1992), that 18 U.S.C. § 3585(b) "does not authorize a district court to compute credit at sentencing" for time served in pretrial detention.  *Id*.   Rather, the Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration.  *Id*.; *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *Wilson*, 503 U.S. at 333, 337 (1992)).   Such credit awards occur after sentencing.  *Wilson*, 503 U.S. at 335-36.   In so

holding, the Supreme Court recognized that under 18 U.S.C. § 3585(b), "Congress has indicated that computation of the credit must occur after the defendant begins his sentence.  A district court, therefore, cannot apply § 3585(b) at sentencing."  *Id*. at 333.

Given that it lacked the authority to do so, the Court did not err by not giving Fulcher credit for presentence confinement time.

### B.  Proposed Amendment to U.S.S.G. § 2D1.1

Pursuant to its statutory authority, on April 30, 2014, the United States Sentencing Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables downward by two levels.  Given the subsequent inaction by Congress, the amendment became effective on November 1, 2014.  *See* 28 U.S.C. § 994(p).  Consequently, the amendment was not in effect on the date of Fulcher's sentencing.[2]  Thus, the Court did not err by not including it in its calculations.

### C.  Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, a defendant must show both that his counsel's performance was constitutionally deficient and that this deficient performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the first prong of the test, a defendant must establish "that counsel made errors so

---

[2] Fulcher may yet receive the benefit of the amendment.  On July 18, 2014, the Commission voted, pursuant to the authority provided in 28 U.S.C. § 994(u), to make Amendment 782 retroactively applicable to previously sentenced defendants.  Now that Amendment 782 is effective, he may file a separate motion under 18 U.S.C. § 3582(c)(2) in his criminal case for modification of his sentence on the basis of the amendment.

serious that [he] was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 687-88.

As discussed above, the two arguments for which Fulcher faults his counsel for not raising were meritless.  The Court lacked the authority to adjust Fulcher's sentence on the basis of either presentence confinement or the not-yet-effective amendment.  As such, counsel could not be ineffective for not raising those arguments.[3]

### III.  CONCLUSION

I conclude that neither the Court nor Fulcher's counsel erred in the calculation or imposition of Fulcher's sentence.  I therefore recommend that the Court DENY his Motion under 28 U.S.C. § 2255, and dismiss the action with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[3] Nonetheless, I note that counsel did valiantly attempt to use the presentence confinement to advocate for a lesser sentence.  *Crim. Doc*. 64 at 8:16-10:25.