IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD FULCHER,

    Plaintiff,

v.                                                                                                CIV. No. 14-812 MV/GBW

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 22.* Having reviewed the Motion, the Court finds that it should be denied.

There is no "constitutional right to counsel [for prisoners] mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas*

*v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. In his motion, Plaintiff states that he "need[s] help on [his] motions and other issues," including power of attorney for his daughter, pre-conviction confinement credit, and assistance getting proper medications. *Doc. 22 at 1*. First, this Court may only appoint counsel for assistance with the instant habeas case—not for any tangential or miscellaneous legal issues that Plaintiff may have. With regard to his habeas case, the factors articulated in *Thomas* do not indicate that counsel should be appointed here. Plaintiff does not present novel or complex legal claims, and he appears able to adequately articulate his legal position. Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel, (*doc. 22*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE