IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD FULCHER,

    Petitioner,

v.                                              No. CV 15-0300 MV/SCY
                                                         CR 10-3368 MV

RICHARD IVES, Warden,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 83) filed on April 13, 2015. Petitioner seeks an order requiring the Bureau of Prisons to correct its calculation of his sentence by deducting the time he spent in pretrial custody. The Court will dismiss the motion without prejudice.

Petitioner was convicted in this Court and is confined at USP Victorville in California. Because Petitioner is confined in California, his § 2241 petition may not be adjudicated in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("a § 2241 habeas petitioner . . . should name his warden as respondent and file the petition in the district of confinement"). As stated by the Court of Appeals for the Tenth Circuit, a district court does not have jurisdiction of a petition under § 2241 unless the petitioner is confined in the same district. *See Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012). This Court has no jurisdiction to adjudicate Petitioner's § 2241 petition.

Even if the Court had territorial jurisdiction of the petition, no relief would be available on Petitioner's claims. First, the petition acknowledges that Petitioner is also currently prosecuting a motion under 28 U.S.C. § 2255 asserting claims of error in the Court's original sentencing calculation and failure to credit the sentence for time served. The Court will not consider

duplicate claims. And furthermore, to the extent Petitioner now seeks an order requiring the Bureau of Prisons ("BOP") to grant credit for prior custody against his term of imprisonment, the requested order would amount to nothing more than a recommendation to his post-conviction custodian. The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992)). The district court in the district where Petitioner is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies. *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996). Petitioner's petition will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus (CV Doc. 1; CR Doc. 83) filed on April 13, 2015, is DISMISSED for lack of jurisdiction, without prejudice to Petitioner's right to seek relief in the district where he is confined; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE